**FISHBACK, Appellee, v. NORMAN, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6660. Decided May 20th, 1946.

Graydon, Head & Ritchey, Cincinnati, and John W. Warrington, for appellee.

Fred L. Hoffman, Cincinnati, and Joseph D. Martin, for appellant.

## OPINION

By MATTHEWS, J.:

This was an action to recover damages resulting from the collision between two automobiles. The defendant filed a cross-petition in the action. Each attributed the collision to the negligence of the other.

The jury returned a general verdict for the plaintiff and answered several special interrogatories, one of which was: "Was the defendant guilty of contributory negligence?" to which an affirmative answer was given. Another interrogatory elicited the answer that the collision did not result proximately from the negligence of both plaintiff and defendant.

The defendant filed a motion for judgment on the answer to the first interrogatory, claiming that contributory negligence imports negligence by the plaintiff, and also filed a motion to set aside the general verdict and for a new trial.

The Court overruled the motion for judgment and granted the motion for a new trial "for the reason that the Court was in error in submitting at the request of plaintiff special charge No. 3A to the jury."

This appeal is by the defendant from the order overruling his motion for judgment.

There is no bill of exceptions and, of course, we are not advised as to the content of special charge No. 3A, for error in giving which the new trial was awarded. For this reason, this Court cannot say that the charge was such as to affect the validity of the answer to the interrogatory as to whether the defendant was guilty of contributory negligence. Furthermore, the answer to the other interrogatory that the collision did not occur by reason of the negligence of both is contradictory of and neutralizes it and would prevent the court from basing a judgment upon it.

Counsel has cited cases where special verdicts have been returned. These cases are inapplicable. A general verdict was returned in this case. However, the same result would follow. In **Globe Indemnity Co. v Schmitt, 76 Oh Ap 35**, this Court pointed out that even where a special verdict alone is returned and a motion for a new trial is filed, the court has no jurisdiction to enter a judgment on such special verdict unless and until it has overruled the motion for a new trial, and having granted the motion for a new trial the power to enter judgment did not exist.

On this record prejudicial error does not affirmatively appear.

For these reasons, the order of the trial court, overruling the motion for judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.